IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) 2:11-CR-132 |
| RUSSELL FREED, | ) |
| Defendant. | ) |

## <u>MEMORANDUM ORDER</u>

**J. Nicholas Ranjan, United States District Judge**

  Defendant Russell Freed moves for compassionate release under the First Step Act from a 240-month term of imprisonment that the Court imposed on October 2, 2012 (ECF 56). ECF 108. This is the second time that Mr. Freed has moved for compassionate release. When he filed the first time, on July 9, 2020, he argued that his underlying medical conditions combined with the prison conditions at FCI-Fort Dix placed him at a heightened risk of exposure to COVID-19. ECF 82. This Court denied the motion because Mr. Freed failed to show that he faced an actual, non-speculative, and non-generalized risk of exposure to COVID-19 in prison. *United States v. Freed*, No. 11-132, 2020 WL 5604057, at *6 (W.D. Pa. Sept. 18, 2020) (Ranjan, J.), *aff'd*, 845 F. App'x 198 (3d Cir. 2021). The Court also denied it because early release would have been inconsistent with the purposes of sentencing. *Id.* a*7. In his current motion, Mr. Freed doesn't seek release due to risks associated with COVID-19; rather, he claims that the prison has delayed in providing treatment for several of his underlying medical conditions. ECF 108-1, p. 12. The government opposes the motion. ECF 112.

After reviewing the well-argued briefs and all relevant exhibits, the Court finds that Mr. Freed has failed to exhaust his administrative remedies, as he must do under the First Step Act. So the Court must deny the motion.

Before a court may consider a prisoner's request for compassionate release under the First Step Act, the prisoner must exhaust his administrative remedies, including by raising the request with the Bureau of Prisons. 18 U.S.C. § 3582(c); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Third Circuit mandates "strict compliance" with this procedural rule. *Raia*, 954, F.3d at 597. To satisfy it, "the BOP [must] be given the opportunity to consider the same request made to the court." *United States v. Amaro*, No. 19-263, 2022 WL 2789868, at *2 (W.D. Pa. July 15, 2022) (Conti, J.) (citation omitted).

The Court concludes that Mr. Freed has not given the BOP a chance to provide him with the relief that he seeks in his motion. He argues here that he requires relief based on the BOP's failure to treat his serious medical conditions, specifically two life-threatening cardiovascular issues, a potentially cancerous mass in his neck, Celiac disease, and his underlying medical history. ECF 108-1, pp. 4-7. But he never asked the BOP for this specific relief before coming to this Court.

True, Mr. Freed submitted a letter, through counsel, to the Warden at FCI-Fort Dix on February 10, 2021. ECF 108-3. But that request primarily focused on the risks of COVID-19, with only a passing reference to his overall general poor health; it said nothing about the need for immediate cardiovascular care or a second biopsy—which is the main thrust of his present motion.

For example, under a section titled "Mr. Freed's Extraordinary and Compelling Medical Issues," he wrote, "Mr. Freed is a 53 year-old man who suffers from multiple underlying medical conditions and diagnoses that make him 'high-risk' for developing serious symptoms, hospitalization, and death she he contract COVID-19 . . . . In addition to Mr. Freed's medical ailments, Fort Dix's medical department is

overwhelmed due to the pandemic and is unable to provide adequate medical care for Mr. Freed." ECF 108-3, pp. 2-3.  Except for two paragraphs addressing whether Mr. Freed is a danger to the community, the rest of the letter refers exclusively to risks presented by COVID-19.  The BOP construed the February 10, 2021, letter as a request for release "due to the ongoing global pandemic of the novel Corona Virus (COVID-19) and [Mr. Freed's] debilitated medical conditions," and denied the request for reasons specific to the request.  ECF 112-2.

By contrast, Mr. Freed's motion now specifically concerns the BOP's "continued delay" in providing "appropriate medical attention" regarding his cardiovascular issues, and its inability "to determine if the mass [in Mr. Freed's neck] is cancerous" and "to ensure that adequate medical attention is provided to Mr. Freed as it relates to his Celiac disease."  ECF 108-1, pp. 4-5.  That is a request for the provision of treatment, not a request for release to avoid a heightened risk of contracting COVID-19.  *United States v. Lawson*, No. 03-282, 2022 WL 2663887, at *5 (D.D.C. July 11, 2022), *aff'd*, No. 22-3049, 2023 WL 4044609 (D.C. Cir. June 16, 2023) ("[R]equests for release due to the threat of COVID-19 ask an entirely different question from those seeking release on the basis of inadequate medical care.").  The request is premised on the failure to treat his serious medical conditions, not as they relate to the effect of COVID-19 on his health.  *See* ECF 108, p. 8 ("[I]f an expedited diagnosis and treatment plan is not made, Mr. Freed is at risk of death, heart attack, permanent heart damage, heart failure, arrhythmias, and permanent disability.").

This may seem like quibbling, elevating form over substance.  It's not.  By failing to specifically and explicitly make his medical-treatment complaints to the BOP, Mr. Freed denied the BOP an opportunity to fully assess and address them. For example, it certainly would have been helpful for the BOP to have the cardiologist's declaration that Mr. Freed now attaches to his motion (ECF 108-2), as

that would have given the BOP a chance to review Mr. Freed's medical history and potentially provide the care consistent with that physician's recommendations.[1]

In sum, the BOP must have an opportunity to rectify deficiencies in its provision of treatment before the Court can even entertain Mr. Freed's motion.

* * *

Therefore, after careful consideration and consistent with the foregoing, it is hereby **ORDERED** that Mr. Freed's (ECF 108) Motion for Compassionate Release is **DENIED**. This denial is without prejudice to Mr. Freed re-filing after exhausting his administrative remedies with the BOP.

DATE: July 21, 2023

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge

---

[1] Indeed, since filing his motion with the Court, the BOP caught wind of it, and started to respond to some of Mr. Freed's complaints about his medical care. *E.g.*, ECF 119 (government avers that "the thyroid biopsy Freed cites in his compassionate release Motion (Doc. No. 108) and Reply (Doc. No. 115) has been performed"); ECF 126 (referencing throughout BOP's attempts to provide treatment).