IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) 2:11-CR-132 |
| RUSSELL FREED, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

**J. Nicholas Ranjan, United States District Judge**

Defendant Russell Freed moves for compassionate release under the First Step Act from a 240-month term of imprisonment that the Court imposed on October 2, 2012 (ECF 56). ECF 108. This is the third time that Mr. Freed has moved for compassionate release. The first time, the Court denied his motion because Mr. Freed failed to show that he faced an actual, non-speculative, and non-generalized risk of exposure to COVID-19 in prison, and because early release would have been inconsistent with the purposes of sentencing. *United States v. Freed*, No. 11-132, 2020 WL 5604057, at *6-7 (W.D. Pa. Sept. 18, 2020) (Ranjan, J.), *aff'd*, 845 F. App'x 198 (3d Cir. 2021). In his second motion, Mr. Freed sought release not because of any risks associated with COVID-19, but because of the Bureau of Prisons' purported delay in providing him with treatment for several medical conditions. ECF 82. The Court denied that motion because Mr. Freed failed to exhaust his administrative remedies. ECF 130. Though he submitted a letter to the BOP requesting treatment, his request focused on treatment for risks from COVID-19, not his underlying conditions, so the BOP didn't have a chance to consider the request that was the subject of his motion to the Court. *Id.*

On the same day that the Court denied Mr. Freed's motion, his counsel submitted a revised request for treatment to the BOP, which focused solely on the

risks associated with his underlying medical conditions. ECF 131-1, p. 14. Thirty days later, he renewed his motion for compassionate release, asserting that he had received no treatment for those conditions. ECF 131, pp. 5-6. The government opposes the motion. ECF 135.

Though Mr. Freed has now exhausted his administrative remedies, the Court concludes that he has not met his burden for compassionate release. So the Court denies the motion.

## **DISCUSSION & ANALYSIS**[1]

The First Step Act "sets forth a three-step analysis for district courts to utilize to resolve a motion for compassionate release." *United States v. Briston*, No. 05-321, 2022 WL 5109085, at *3 (W.D. Pa. Oct. 5, 2022) (Conti, J.). First, the Court must determine that "extraordinary and compelling reasons" exist to "warrant" a reduction in Mr. Freed's sentence; second, the Court must conclude that the factors set forth in 18 U.S.C. § 3553(a) support the reduction; and third, the Court must consider whether the reduction is consistent with the Sentencing Commission's applicable policy statements. *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022). Mr. Freed bears the burden of satisfying each of these elements by a preponderance of the evidence. *Briston*, 2022 WL 5109085, at *5 (citation omitted). The Court concludes that he comes up short on the first and second steps.

Beginning at the first step, the Court finds that Mr. Freed has not presented evidence of extraordinary and compelling reasons to reduce his sentence. As addressed in the Court's previous order, Mr. Freed seeks compassionate release for the untimely treatment of two potentially life-threatening cardiovascular issues, a

---

[1] The government argues that a motion for compassionate release is not the proper avenue for relief for inadequate medical treatment. ECF 112, pp. 6-8; ECF 135, p. 3. The Court declines to reach that issue since it finds that Mr. Freed's motion fails on the merits anyway.

potentially cancerous mass in his neck, Celiac disease, numbness in his hands, and a need for ear surgery and various other procedures. ECF 108-1, pp. 4-7; ECF 131-1, pp.15-16. But the record shows that the BOP has treated these conditions throughout his confinement, most recently at an appointment with a physician on August 24, 2023. ECF 112, pp. 11-14; ECF 136, pp. 1-6. The notes from that visit reflect that the BOP has treated or is treating Mr. Freed as follows:

- **Cardiovascular issues**: The physician's August 24, 2023, notes reflect that Mr. Freed visited a cardiologist in March 2023, who ordered an angiogram. Though Mr. Freed has not yet received that angiogram, the physician stated that he would request it; a cardiac catheterization is scheduled for September 2023. The physician added that Mr. Freed's cardiovascular presentation was "within normal limits."

- **Thyroid mass**: Mr. Freed received treatment for his thyroid beginning in October 2021. After undergoing several scans (among them, an "urgent request" from the Rutgers Cancer Institute), doctors determined that the cancerous mass in Mr. Freed's neck was a "benign nodule."

- **Celiac disease**: Nothing in the record suggests that the BOP is failing to treat Mr. Freed's Celiac disease.

- **Ear surgery**: The physician discussed surgery with Mr. Freed to address his hearing loss, but Mr. Freed elected to forgo surgery and receive a hearing aid instead.

- **Numbness and other issues**: Mr. Freed received an electromyography test in May 2023 and is scheduled to undergo an MRI in October 2023.

In short, Mr. Freed's medical records indicate that he is receiving adequate treatment for the conditions of which he complains. It may not be the exact treatment that he wants, as quickly as he wants, but the Court cannot say there is a failure to treat on this record, let alone a failure rising to the level of an extraordinary and

compelling reason. *United States v. Pigford*, No. 20-414, 2023 WL 2285825, at *3-4 (E.D. Pa. Feb. 28, 2023) ("Chronic conditions managed in a Facility are not a sufficient basis for compassionate release."); *cf. United States v. Iezzi*, No. 17-157, 2021 WL 5832767, at *6 (W.D. Pa. Dec. 9, 2021) (Hornak, C.J.) (extraordinary and compelling reason existed based on prisoner's terminal end-stage kidney failure).

Mr. Freed also cannot satisfy the second step in the analysis. That is, even if extraordinary and compelling reasons existed to support a reduced sentence, the section 3553(a) sentencing factors do not. Mr. Freed has nine years of his 20-year sentence remaining, and he insists that a reduced sentence "no longer conflicts" with the section 3553(a) sentencing factors. He specifically raises the non-violent nature of his offense, his clean disciplinary record while in prison, the fact that he was a first-time offender, his efforts at rehabilitation, and his low likelihood of recidivism. ECF 108-1, pp. 10-18; ECF 115, pp. 10-14. While his efforts at rehabilitation are positive developments, they don't favor a reduced sentence when compared to the nature of his offense, the kind of sentence and sentencing range established, the need to promote deterrence (specific and general), and the need to avoid unwarranted sentencing disparities.

When the Court addressed this argument in Mr. Freed's first motion, it concluded that "the nature and circumstances of the offenses, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of Mr. Freed, all counsel against early release. [His] offenses are severe. They caused undoubted trauma to the victims. And that trauma is heightened as the victims were merely minors—individuals who now must live most of their life with those experiences." *Freed*, 2020 WL 5604057, at *7. The Third Circuit "fully agree[d]" with this Court's section 3553(a) analysis and

"reiterate[d] the Court's conclusion that Freed's sentence should continue to reflect the egregiousness of his crimes." *Freed*, 845 F. App'x at 201 (3d Cir. 2021).

The Court's assessment of the nature and seriousness of Mr. Freed's offense and the sentence imposed hasn't changed in the three years since Mr. Freed's first motion. By Mr. Freed's account, he has served his time well; and while that is encouraging, it doesn't justify cutting his sentence by almost half. This is especially so where the BOP is adequately treating his various conditions. *See Iezzi*, 2021 WL 5832767, at *7 (sentencing factors do not favor release where "BOP facility [was] equipped to handle [prisoner's] serious medical conditions"). Mr. Freed's sentence of 240 months remains, at this time, sufficient but not greater than necessary to accomplish the goals of sentencing.

\* \* \*

Therefore, after careful consideration and consistent with the foregoing, it is hereby **ORDERED** that Mr. Freed's (ECF 131) Renewed Motion for Compassionate Release is **DENIED**.

DATE: September 21, 2023                    BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge